27 F.(2d)—56½

GOMEZ v. KIELY, Postmaster of City of New York, et al.

District Court, S. D. New York. May 16, 1928.

Injunction ⬅️75—Organization falsely representing by stamps that acts of United States forces in Nicaragua were unlawful could not enjoin exclusion thereof from mails.

Organization, engaged in a publicity campaign intended to encourage desertion of United States Marines, in connection with which stamps were used which bore the legend "Protest against Marine Rule in Nicaragua," and which were designed pictorially to falsely characterize the acts of the armed forces of the United States in that country as ruthless, oppressive, and in violation of international law, *held* not entitled to equitable relief in suit to enjoin exclusion of envelopes bearing such stamps from the United States mails. Defense of unclean hands sustained on the ground that equity will not aid the perpetration of falsehood.

In Equity. Suit by Manuel Gomez, individually and as secretary and acting treasurer of the All-American Anti-Imperialist League, against John J. Kiely, as Postmaster of the City of New York, and another. On motion for preliminary injunction. Motion denied.

The purpose of this suit was to enjoin defendants from excluding certain envelopes containing letters and circulars in the mail, which envelopes bore a label or adhesive stamp containing the words "Protest against Marine Rule in Nicaragua."

Arthur Garfield Hays, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendants.

THACHER, District Judge. It is not enough to say that the stamps are not within the statutory prohibition upon which the defendants relied in excluding them from the mails—a question which is not decided. At the threshold plaintiff is met with the defense of unclean hands. This court will not aid the perpetration of falsehood. One of the stamps is designed pictorially to characterize the acts of the armed forces of the United States in Nicaragua as ruthless, oppressive, and in violation of international law. Both carry the false implication that the United States, through its armed forces, is ruling Nicaragua, whereas the truth appears from the affidavit of the Secretary of State. The rule which confines the doctrine of unclean hands to misconduct connected with the subject-matter does not preclude consideration of the plaintiff's use of these stamps in connection with a campaign of

falsehood and vilification against the American forces in Nicaragua, which is frankly designed to encourage desertion of United States Marines to the forces of Sandino, with whom the American forces are in armed conflict.

An analogous situation is often dealt with in the trade-mark cases, where courts of equity refuse to enjoin infringement of a lawfully registered trade-mark which is shown to have been used upon goods sold under false representations. In such cases the court looks beyond the character of the mark to its unconscionable use. Manhattan Medicine Co. v. Wood, 108 U. S. 218, 2 S. Ct. 436, 27 L. Ed. 706. And so in this case, looking to the use which has been and is intended to be made of these stamps, it is clear that the plaintiff is seeking the aid of the court in the pursuit of its own iniquity. It has no more right to such assistance than the highwaymen of Hounslow Heath. McMullen v. Hoffman, 174 U. S. 639, 654, 19 S. Ct. 839 (43 L. Ed. 1117).

Plaintiff has no standing in a court of equity, and the motion is therefore denied.